UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES A. MUDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:04-CV-465-TS |
| | ) |
| FORD MOTOR COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Plaintiff, James A. Mudd, bought a Ford F150 pickup truck from the Defendant, Ford Motor Company. Unfortunately, the truck was defective. After the Defendant's dealer unsuccessfully attempted to fix the truck numerous times, the Plaintiff requested that the Defendant buy back the truck under Indiana's lemon laws. The Defendant did not give a definite answer to the Plaintiff regarding his request. Meanwhile, the Plaintiff took no action to pursue his claims under Indiana's lemon laws until such action was barred by the statute of limitations.[1] The Plaintiff claims that the Defendant eluded his request fraudulently so as to induce him to delay bringing any state claims until it was too late. The Defendant never purchased back the truck.

Accordingly, the Plaintiff sued the Defendant in this Court. The Plaintiff filed his Complaint on December 9, 2004, and amended it on February 8, 2005. Subsequently, the Defendant moved to dismiss the Plaintiff's Complaint, and the matter is now ripe for the Court's ruling.

---

[1] Indiana Code § 24-5-13-11.5 requires that an action under the lemon law "be commenced within two years following the date the buyer first reports the nonconformity to the manufacturer, its agent, or authorized dealer."

**A. Standard for Dismissal**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, in examining whether a complaint adequately states a claim for which relief may be granted, this court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claim or to assign weight to unsupported conclusions of law. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992). The complaint does not need to specify the correct legal theory or point to the right statute to survive a 12(b)(6) motion to dismiss provided that "relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992).

Federal notice pleading requires only that the plaintiff "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir. 1999)). In addition, *pro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed however inartfully pleaded. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *Castillo v. Cook Cty. Mail Room Dept.*, 990 F.2d 304,

2

306 (7th Cir. 1993).

**B. Alleged Facts**

On September 15, 2001, the Plaintiff purchased a Ford F150 pickup from the Defendant's dealer. Six months later, he took the truck to the dealership's mechanic because it would stall when coming to a stop. The mechanic was unable to fix the problem, and the Plaintiff had to take the truck back for repairs four more times over the next year. Finally, in September 2002, the Plaintiff sent a letter to the Defendant stating that, under Indiana law, his truck was a lemon and asking that the Defendant buy it back.

On September 15, 2002, the Plaintiff received a letter from the Defendant, confirming that it received his request. In the letter, the Defendant stated:

> . . . We regret any inconvenience you may have experienced and are anxious to retain you as a satisfied customer.
> Your information has been forwarded to our Regional Office, with a copy to your dealership. You will be contacted shortly by a Ford representative or a Dealership Service Manager in an effort to resolve your concerns. If you have not been contacted within 7 days of this letter, please contact O'Daniel Fort Wayne in New Haven, Indiana or *any* authorized Ford or Lincoln-Mercury Dealership for assistance.

(Pf.'s Ex. B.)

A month later, the Plaintiff took the truck to the dealership's mechanic again. The Plaintiff inquired about the status of his request that the Defendant buy back the truck. Mike Lothamer, the dealership's service manager, told him that the Defendant was still considering his request. Two weeks later, the Plaintiff visited the dealership for a follow-up on the truck's problems. At that time, the service manager told the Plaintiff to keep driving the truck until further notice.

In April 2003, the Plaintiff again returned to the dealership because the truck still kept

3

stalling. Lothamer told the Plaintiff that he had spoken with the Defendant's representatives and that his request was still pending. Lothamer told the Plaintiff to be patient and that there was no need to file any civil action because the Defendant was going to take care of him. Lothamer also told the Plaintiff that the Defendant was willing to extend the manufacturer's warranty beyond the usual "36 months-36,000 mile" warranty that came with the purchase of the truck. Lothamer explained to the Plaintiff that the Defendant was offering the warranty so that the truck's problems could be addressed while a decision on the Plaintiff's request was pending. Lothamer assured the Plaintiff that the Defendant would take care of him in one way or other.

Relying on the conversation with Lothamer, the Plaintiff believed that the Defendant would purchase back his truck. However, the Defendant took no action regarding his request. As a result, in March 2004, the Plaintiff contacted an attorney, who informed him that, although the Plaintiff might have had a claim under Indiana's lemon laws, he was too late in pursuing the action, as the statute of limitations had expired.

In August 2004, Lothamer advised the Plaintiff that he could write to the Defendant's dispute settlement board. The Plaintiff did so, but the board informed him that his application for a remedy was too late because his 36 month-36,000 mile warranty had expired.

**C. Discussion**

The Plaintiff contends that the Defendant's statement in the September 15, 2002, letter "we . . . are anxious to retain you as a satisfied customer" "was wilful, false, and/or reckless misrepresentation of fact." (Pf.'s Comp. at 9.) He believes that the statement is false because it was not accompanied by an offer to refund the cost of the truck, and because the Defendant made the

4

statement knowing that it had no intention to give him a refund. The Plaintiff further claims that "that statement coupled along with other verbal statements made by [the Defendant's] rep's and/or its agents were made to induce the [P]laintiff to forfeit pursuit of legal remedies guaranteed by Indiana lemon law protections." (*Id.*) According to the Plaintiff, the Defendant knew that the statement "we . . . are anxious to retain you as a satisfied customer" was false and that the Defendant knew that he intended to pursue remedies under Indiana law. (*Id.* at 10.) As a result of this knowledge, the Defendant "devised a fraudulent scheme to deprive the Plaintiff of his protection under Indiana lemon law through false and misleading representation, and deceptive practices." (*Id.*)

The Defendant argues that the Plaintiff's Complaint should be dismissed because he has failed to state a claim under which relief could be granted. The Defendant maintains that the Plaintiff's Complaint does not state a claim either under the actual fraud or constructive fraud theories.

Indiana recognizes two types of fraud: actual and constructive. To assert an actual fraud claim, a plaintiff must allege:

> (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of. [A]ctual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed.

*Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) (citations to Indiana cases omitted).

On the other hand, "[c]onstructive fraud arises by operation of law when there is a course of conduct which, if sanctioned by law, would secure an unconscionable advantage, whether or not there is actual intent to defraud." *Id.* at 991. To assert a constructive fraud claim, a plaintiff must show:

5

>(1) a duty existing by virtue of the relationship between the parties; (2) representations or omissions made in violation of that duty; (3) reliance on the deceptive statements or omissions by the complaining party; (4) injury as a result of this reliance; (5) the gaining of an advantage by the defrauding party over the complaining party.

*Id.*

As to his claim of actual fraud, the Plaintiff has failed to allege the first and fifth elements. The Defendant's statement "we . . . are anxious to retain you as a satisfied customer" is not a material representation of a past or existing fact. The statement is merely an expression of the Defendant's opinion that it is eager to have him as a satisfied customer. However, expressions of opinion generally do not constitute fraud. *See Wis. Eng'g, Inc. v. Fisher*, 466 N.E.2d 745, 756 (Ind. Ct. App. 1984) ("Fraud may not be predicated upon promises to be performed in the future or future events nor, as a general rule, do expressions of opinion constitute fraud." (citation omitted)). Moreover, the Plaintiff could not justifiably rely on the statement, especially for a period of more than eighteen months. "We . . . are anxious to retain you as a satisfied customer" is not a promise but a good-will gesture expressing the Defendant's eagerness to see its customers happy. It offers no specifics and is too vague to assign any meaning to it. Even when read in the context of the whole letter, the meaning of the phrase does not change.

The same is true of Lothamer's assurances that the Defendant "would take care of the Plaintiff in one way or other." Lothamer's statements are not material misrepresentations of past or existing fact, so as to constitute fraud. At best, they are promises regarding the Defendant's future conduct, which, even if broken, do not constitute fraud. *See id.*; *Howe Military Sch.*, 227 F.3d at 990. In addition, Lothamer told the Plaintiff only that his request was still pending and expressed his opinion that the Defendant would rectify the situation. Lothamer did not tell the Plaintiff that the

Defendant would buy back the truck, and it was unreasonable for the Plaintiff to interpret Lothamer's comments as guaranteeing such specific resolution. Moreover, it was unreasonable for the Plaintiff to believe for more than eighteen months that the Defendant's letter and Lothamer's statements meant that the buyback of the truck was imminent. Such reliance had no basis in fact.

The same problems plague the Plaintiff's constructive fraud claim. Even if the Court were to assume that the Defendant owed a duty to the Plaintiff by virtue of its relationship with him, as explained above, the Plaintiff would be unable to show that the Defendant made any representations in violation of that duty or that the Plaintiff's reliance on those representations for a period of more than eighteen months was justified. These shortcomings, of course, doom the Plaintiff's constructive fraud claim. *See id.* at 991 (listing constructive fraud elements).

## CONCLUSION

The Court is mindful of the Plaintiff's *pro se* status and has construed his claims as liberally as possible under the law. Nevertheless, the Court finds that the Plaintiff's complaint does not state a claim for which relief could be granted. Accordingly, the Court GRANTS the Defendant's motion to Dismiss the Plaintiff's Amended Complaint [DE 19].

The Plaintiff's motion to set a hearing to determine a trial date [DE 22] is rendered MOOT.

SO ORDERED on September 27, 2005.

    S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT